IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| PATRICIA TAYLOR,<br><br>        *Plaintiff,*<br><br>    v.<br><br>AMERICAN VAN LINES, INC., and<br>DOES 1 THROUGH 10,<br><br>        *Defendants.* | C.A. No. 21-cv-00547-CFC |

Katherine Butler, KATE BUTLER LAW LLC, Wilmington, Delaware; Mark W. Ishman, ISHMAN LAW FIRM, P.C., Raleigh, North Carolina.

   *Counsel for Plaintiff*

William A. Crawford, FRANKLIN & PROKOPIK, Wilmington, Delaware.

   *Counsel for Defendant*

**MEMORANDUM OPINION**

November 19, 2021
Wilmington, Delaware

_____
COLM F. CONNOLLY
UNITED STATES DISTRICT JUDGE

Pending before me is a Motion for Entry of Default filed by Plaintiff Patricia Taylor pursuant to Federal Rule of Civil Procedure 55(b)(2). D.I. 7. Plaintiff filed the Complaint on April 14, 2021. Plaintiff contends she served Defendant American Van Lines, Inc. (AVL) with the Complaint on April 21, 2021 and again on May 17, 2021. D.I. 7 ¶¶ 3-4. Defendant disputes that the April 21 service was effective. D.I. 9 at 2. It does not dispute the effectiveness of the May 17 service and it concedes that it was required under the Federal Rules of Civil Procedure to file a response to the Complaint no later than June 4, 2021. *Id.* at 4. Plaintiff filed her motion for entry of default on June 16, 2021. AVL entered its appearance on June 18. It filed an opposition to Plaintiff's motion (D.I. 9) on June 24. It filed a motion to dismiss the Complaint on June 25. D.I. 10.

For the reasons stated below, I will grant Plaintiff's motion.

I. **BACKGROUND**

This case stems from Plaintiff's move from Bethany Beach, Delaware to McLean, Virginia. Plaintiff alleges that she arranged for AVL to transport her furniture and household goods for a fee of $9,002.01. D.I. 1 ¶ 12.

Plaintiff alleges that AVL contracted to complete packing and loading in Delaware by August 1, 2019 and unloading and delivery in Virginia by August 3,

1

2019. *Id.* at ¶ 13. In addition, AVL promised to supply trained professional movers, 114 boxes, packing tape, and other materials it estimated would be required to complete the job. *Id.* at ¶ 14.

According to Plaintiff, when AVL arrived at her home on August 1, 2019, it did not have the 114 boxes, packing tape, proper moving equipment, or a sufficient number of team members. *Id.* at ¶¶ 28, 31. In addition, two of the five team members were not "trained professional movers." *Id.* at ¶¶ 33, 36. And all of the team members "behaved in an unprofessional manner by audibly arguing and fighting with each other." *Id.* at ¶ 44. Plaintiff alleges that these events caused "great emotional distress" and "apprehension." *Id.* at ¶¶ 32, 38.

Plaintiff further alleges that late in the evening on August 1, 2019, AVL's team leader for the move used his size, strength, and loud voice to intimidate Plaintiff into paying an additional $7,000 to complete the job, and Plaintiff authorized this additional payment under duress. *Id.* at ¶¶ 54-67. AVL's team leader then drove the partially loaded moving truck to New York without Plaintiff's consent. *Id.* at ¶¶ 74-87. When the moving truck returned to Plaintiff's Delaware home, the contents of the truck were damaged or missing. *Id.* Meanwhile, other household goods belonging to Plaintiff were left outside in the rain at her Delaware home. *Id.* at ¶¶ 68, 86. And Plaintiff paid for the remaining AVL team members to stay in a hotel for the night based on the promise that they

would return in the morning to complete the packing and loading of her household goods. *Id.* at ¶¶ 80-82. The team members did not return, *id.*, and AVL did not deliver Plaintiff's household goods to Virginia on or before August 3, *id.* at ¶ 88.

Based on these events, Plaintiff asserts state law claims for unlawful imprisonment, terroristic threatening, coercion, extortion, misapplication of property, negligent hiring and supervision, constructive fraud, fraud in the inducement, intentional infliction of emotional distress, and violation of the Delaware Deceptive Trade Practices Act, 6 *Del. C.* § 2532, et seq.

## II. LEGAL STANDARDS

Entry of default judgment is a two-step process. Before obtaining a default judgment under Rule 55(b), there must be an entry of default pursuant to Rule 55(a). 10A Fed. Prac. & Proc. Civ. § 2682 (4th ed.). Under Rule 55(a), the clerk must enter default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a). "This first step, entry of default, is a ministerial step performed by the Clerk of Court." *Austin v. Nugent*, 2016 WL 7048994, at *4 (M.D. Pa. Dec. 5, 2016).

After entry of default, if the relief sought against the defaulted party is not for a "sum certain or a sum that can be made certain by computation," the party seeking default judgment must apply to the court for an entry of default judgment.

3

Fed. R. Civ. P. 55(b)(2). The entry of default judgment is "left primarily to the discretion of the district court," but "[t]his discretion is not without limits," because "cases should be disposed of on the merits whenever practicable." *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180-1181 (3d Cir. 1984).

## III. DISCUSSION

Courts use the same standard to set aside an entry of default that they use to enter a default judgment. *Sourcecorp Inc. v. Croney*, 412 F. App'x 455, 459 (3d Cir. 2011). That standard has three factors: "(1) whether the plaintiff will be prejudiced; (2) whether the defendant has a meritorious defense; and (3) whether the default was the result of the defendant's culpable conduct." *Id.* Each factor is discussed in turn.

### A. Meritorious Defense

The meritorious-defense factor is considered the "threshold issue" in setting aside a default. *Nationwide Mut. Ins. Co. v. Starlight Ballroom Dance Club, Inc.*, 175 F. App'x 519, 522 (3d Cir. 2006). A defendant does not "have the right to have a default ... set aside automatically upon alleging a defense." *Harad v. Aetna Cas. & Sur. Co.*, 839 F.2d 979, 982 (3d Cir. 1988). The "standard is more stringent." *Nationwide*, 175 F. App'x at 522. It requires a defendant to "set forth with some specificity the grounds for his defense." *Id.* "The showing of a meritorious defense is accomplished when 'allegations of defendant's answer, if

4

established on trial, would constitute a complete defense to the action.'" *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 195 (3d Cir. 1984) (quoting *Tozer v. Charles A. Krause Mill. Co.*, 189 F.2d 242, 244 (3d Cir. 1951)).

Here, AVL did not establish a meritorious defense. In a conclusory fashion, AVL invokes "the Carmack amendment" and asserts that that amendment "preempts state law claims." D.I. 9 at 5-6. AVL does not identify the specific statute associated with the Carmack Amendment, does not recite the statutory language showing that the Carmack Amendment governs AVL's transaction with Plaintiff, and does not provide any legal analysis showing that, under binding precedent, the Carmack amendment preempts all ten of Plaintiff's state law claims. Instead, AVL provides a string cite of cases, most of which are from other appellate circuits, and none of which address preemption of the specific state law claims Plaintiff asserts here. *Id.* "[S]imple denials or conclusionary statements" are not enough to establish a meritorious defense. *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 195 (3d Cir. 1984). Because AVL has not shown that the Carmack Amendment is a complete defense against all of Plaintiffs' state law claims, AVL has not established a meritorious defense.

AVL also asserts that five of Plaintiff's ten state law claims fail to state a claim, because they are based on criminal statutes. *Id.* at 6. Indeed, the complaint itself cites the applicable criminal statutes. *See* D.I. 1 ¶¶ 94-123. Those state law

claims are unlawful imprisonment, terroristic threatening, coercion, extortion, and misapplication of property. Because none of the criminal statutes provide a private cause of action, Plaintiff cannot assert a civil claim based on these criminal statutes. *Brett v. Berkowitz*, 706 A.2d 509, 512 (Del. 1998). Accordingly, AVL is correct that these claims would not survive a motion to dismiss. Nevertheless, this argument only disposes of half of Plaintiff's claims. Because the other five state law claims would remain, AVL has not established a complete defense and, therefore has not established a meritorious defense. Accordingly, this factor weighs in favor of not setting aside an entry of default.

## B. Delay Due to Culpable Conduct

To show culpable conduct, "more than mere negligence must be demonstrated." *Nationwide*, 175 F. App'x at 523 (cleaned up). Cases where courts have found a lack of culpability "typically involved innocent mishaps or mere mistakes." *Id.* (collecting cases).

Here, it is difficult to conclude that AVL lacked culpability, because AVL does not fully explain the cause of its delay. AVL states that it had until June 4, 2021 to respond to the Complaint. D.I. 9 at 4. AVL further states that "[b]oth the insurer and undersigned counsel (less than 24 hours after being retained), contacted Plaintiff's counsel to seek an extension of time to respond." D.I. 9 at 6-7. Specifically, AVL's insurer sought an extension from Plaintiff's counsel on June

15, 2012, and AVL's counsel did the same on June 16, 2021. D.I. 9-2, Exs. C, D. What AVL does not explain, however, is the cause of the delay between June 4 and June 15. The absence of any explanation does not reflect well on AVL, considering that these facts are exclusively within its possession. Because AVL failed to explain why it missed the June 4 deadline, this factor weighs in favor of entering a default judgment.

### C. Prejudice to Plaintiff

"Prejudice is established . . . when a plaintiff's ability to pursue the claim has been hindered by, for example, loss of available evidence, increased potential for fraud or collusion, or substantial reliance upon the judgment." *Nationwide*, 175 F. App'x at 523 (cleaned up). "Delay in realizing satisfaction on a claim rarely serves to establish a sufficient degree of prejudice." *Id.*

Plaintiff asserts that she will be prejudiced if this Court sets aside a default, "because she will continue to be harassed and damaged by Defendant, i.e., Defendant's orchestration of its defense." D.I. 12 at 9. Plaintiff does not identify any concrete acts of harassment by AVL during the course of this litigation. Instead, Plaintiff appears to contend that she will be prejudiced if the default is set aside, because then she will have to participate in the litigation and respond to AVL's defense. It is not, however, prejudicial for Plaintiff to have to participate in litigation she initiated. Accordingly, this factor weighs against entry of default.

7

Nevertheless, because the other two factors weigh in favor of a default entry, I will grant Plaintiff's motion for entry of default.

## IV.   CONCLUSION

For the foregoing reasons, I will grant Plaintiff's motion for entry of a default (D.I. 7).

8